UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>        Plaintiff,<br><br> - against -<br><br>MURPHY'S OF SOUTH JERSEY, INC.<br><br>        Defendant. | Docket No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Adlife Marketing & Communications Company, Inc. ("Adlife" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Murphy's of South Jersey, Inc. ("Murphy's" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of sixteen copyrighted photographs of food products, owned and registered by Adlife, an advertising agency specializing in design, digital marketing, print advertising and photography. Accordingly, Adlife seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New Jersey.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Adlife is an advertising agency specializing in design, digital marketing, print advertising and photography having a usual place of business at 38 Church Street, Pawtucket, Rhode Island 02860.

6. Upon information and belief, Murphy's is a domestic business corporation duly organized and existing under the laws of the State of New Jersey, with a place of business 381 Medford Lakes, Tabernacle, New Jersey 08088. Upon information and belief Murphy's is registered with the New York Department of State Division of Corporations to do business in the State of New Jersey.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. Adlife is the copyright owner of four food products (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Adlife has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office. See Exhibit A.

**B. Defendant's Infringing Activities**

10. Murphy's ran the Photographs on food advertisement circulars (the "Circulars") See Exhibit A.

11. Murphy's did not license the Photographs from Plaintiff for its Circulars, nor did Murphy's have Plaintiff's permission or consent to publish the Photographs on its Circulars.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Murphy's infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Circulars. Murphy's is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Murphy's be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Clifton, New Jersey
February 20, 2019

        MANEVITZ LAW FIRM, PLLC

        By:   /s/Ben D Manevitz/
        Ben D. Manevitz
        805 Clifton Avenue
        Clifton, New Jersey 07013
        Tele: 973-594-6529
        Ben@ManevitzLaw.com
        *Attorney for Plaintiff Adlife*
        *Marketing & Communications, Inc.*