Jeffrey A. Carr
**PEPPER HAMILTON LLP**
(A Pennsylvania Limited Liability Partnership)
Suite 400
301 Carnegie Center
Princeton, New Jersey 08543-5276
(609) 452-0808
*Attorneys for Defendant Murphy's of South Jersey, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MURPHY'S OF SOUTH JERSEY, INC.,<br><br>Defendant. | Civ Action No.: 1:19-cv-06344-JBS-JS |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Murphy's of South Jersey, Inc. ("Murphy's"), by and through its undersigned counsel, hereby Answers the Complaint filed by Adlife Marketing & Communications Company, Inc. ("Adlife") as follows:

### NATURE OF THE ACTION

1. Admitted only that Adlife asserts a claim for copyright infringement for which it seeks monetary relief. It is denied that Adlife is entitled to any such relief.

### JURISDICTION AND VENUE

2. Admitted.

3. Denied as stated. By way of further response, Murphy's does not contest the Court's exercise of personal jurisdiction in this Action.

4.     Admitted.

## PARTIES

5.     Murphy's lacks knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

6.     Admitted that Murphy's is a corporation organized and existing under the laws of the State of New Jersey and that it maintains a principal place of business in New Jersey. It is denied that Murphy's has registered with the New York Department of State Division of Corporation to do business in New Jersey, a different state.

## STATEMENT OF FACTS

7.     Denied.  It is specifically denied that Adlife possesses a copyright "of four food products" as a "food product" is not eligible for copyright registration.  To the extent the Paragraph is intended to allege that Adlife is the owner of four copyrights for photographs of food products, Murphy's lacks knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.  Moreover, though the Complaint specifically alleges that Adlife is the owner of "four" food products, the referenced Exhibit A includes photographs of more than four food products.  As such, Murphy's is not able to discern the identity of the photographs at issue in this Action.  Consequently, is unable to admit or form a belief as to the truth of the allegations in this paragraph and they, therefore, are denied.

8.     Murphy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they, therefore, are denied.

9.     Murphy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they, therefore, are denied.

10. Denied as stated. It is specifically denied that Adlife possesses a copyright "of four food products" as a "food product" is not eligible for copyright registration. Thus, the Paragraph is denied to the extent it incorporates the inaccurate definition of "Photograph" alleged in Paragraph 7. Moreover, though the Complaint specifically alleges that Adlife is the owner of "four" food products, the referenced Exhibit A includes photographs of more than four food products. As such, Murphy's is not able to discern the identity of the photographs at issue in this Action. Consequently, is unable to admit or form a belief as to the truth of the allegations in this paragraph and they, therefore, are denied.

11. Denied as stated. It is specifically denied that Adlife possesses a copyright "of four food products" as a "food product" is not eligible for copyright registration. Thus, the Paragraph is denied to the extent it incorporates the inaccurate definition of "Photograph" alleged in Paragraph 7. Moreover, though the Complaint specifically alleges that Adlife is the owner of "four" food products, the referenced Exhibit A includes photographs of more than four food products. As such, Murphy's is not able to discern the identity of the photographs at issue in this Action. Consequently, is unable to admit or form a belief as to the truth of the allegations in this paragraph and they, therefore, are denied.

### **COUNT I – COPYRIGHT INFRINGEMENT**

12. Murphy's re-alleges and incorporates by reference its answers to Paragraph 1 through 11 of this Answer as if set forth fully herein.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

  18.  Denied.

## PRAYER FOR RELIEF

Murphy's admits only that this Paragraph sets forth the relief that Adlife seeks but it is specifically denied that Adlife is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Adlife's claims are barred, in whole or in part, by the Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

Adlife's claims are barred, in whole or in part, to the extent that the copyrights upon which it is suing are invalid.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Adlife's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Adlife's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Adlife's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

### (De Minimis Infringement)

Adlife's claims are barred, in whole or in part, because any alleged infringement is de minimis.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Adlife's claims are barred, in whole or in part, by the doctrine of fair use.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Adlife's damages are barred, in whole or in part, as a result of its failure to mitigate damage it suffered, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Protectable Expression)

Adlife's claims are barred, in whole or in part, to the extent that any material copied was not protected expression.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Gotham's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

Gotham's claims are barred, in whole or in part, to the extent that it committed fraud on the Copyright Office in registering the images over which it is suing.

## PRAYER FOR RELIEF

WHEREFORE, Murphy's of South Jersey, Inc., prays as follows:

1. That Adlife Marketing & Communications Company, Inc. take nothing by its Complaint and it be dismissed with prejudice;

2. That of Murphy's of South Jersey, Inc., be awarded its attorneys' fees and costs incurred in defense of this action;

3. That the Court declare Plaintiff's copyright registrations to be invalid and thereafter Order the Plaintiff to cancel the Copyright Registrations on which it sued; and

4. For such other relief as the Court deems just and proper.

## NOTICE OF OTHER ACTIONS PURSUANT TO L.CIV.R. 11.2

The undersigned hereby declares under penalty of perjury under the laws of the United States of America that the matter in controversy is not the subject of any other action or proceeding in any court or other pending arbitration proceeding, and that no other actions or arbitration proceedings are contemplated. I do not currently know of any other parties who should be joined in this action.

Respectfully submitted,

/s/ Jeffrey A. Carr
Jeffrey A. Carr
**PEPPER HAMILTON LLP**
(A Pennsylvania Limited Liability Partnership)
301 Carnegie Center
Suite 400
Princeton, NJ 08543
*Attorneys for Defendant Murphy's of South Jersey, Inc.*

Dated:  March 28, 2019